**Civil Action No. 25-2465**
_____

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**
_____

PAMELA LYNN AND WILSON LYNN, JR., PLAINTIFFS

vs.

KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS, INC., SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP, INC. (ALTOGETHER "KAISER"), THE OFFICE OF INDEPENDENT ADMINISTRATOR ("OIA"), DR. MARC DAVISON, DR. JULIO VAQUERANO, DR. GAVIN JONAS, DR. ANDREW GIAP, DR. LUCIO LOZA, DR. ROBERTO LIMGENCO BARRETO, DR. ALBERT SUNG-UNJIN, DR. XAVIOUR JAMES WALKER, DR. SRILAKSHMI MOTURU (ALTOGETHER "MEDICAL DOCTORS"), DR. ANDREW BINDMAN ("KAISER MEDICAL DOCTOR EXECUTIVE), GREG ADAMS, JANET LIANG (ALTOGETHER "KAISER NON-MEDICAL DOCTOR EXECUTIVES"), JAMS ADR, KIRK NAKAMURA, MIRRA JHANG (ALTOGETHER JAMS ADR), LA FOLLETTE, JOHNSON, DEHAAS, FESLER & AMES, BRIAN MEADOWS, MYRA FIRTH, MITZI THOMAS (ALTOGETHER "KAISER LEGAL REPRESENTATION"), STATE OF CALIFORNIA, COUNTY OF ORANGE, AETNA LIFE INSURANCE COMPANY, DOES 1-100, DEFENDANTS

_____

**COMPLAINT**
_____

Steven Zamora, Esq.
9450 Pinecroft Dr., Unit 9834
The Woodlands, TX 77380
stevenzamora@beforeabrahamwas-iam.org
(858) 382-1064
State Bar of Texas License #24120410

1. Comes now Plaintiffs by and through their Counsel of Record, Steven Zamora, pursuant to the authority vested in him under the laws of the United States of America ("USA" or "US") as a duly admitted member of the Supreme Court ("Court") with a bar license number of 323046 and under the laws of the States of Texas via the bar license number 24120410 in whom he is an ambassador for at the Court as approved by the Texas Supreme Court, and requires this district court to hear and decide this Complaint in parallel with Plaintiffs filings at the Court, which are Writ of Mandamus (Exhibit A) and Writ of Certiorari (Exhibit B) that are hereby incorporated by reference and made a part of this Complaint in order to litigate the Plaintiffs' causes of actions, which shall be decided by this lower federal court absent the causes of actions that are subject to the Court's original and exclusive and appellate jurisdiction founded under Article III, Section 2 of the US Constitution.

## PARTIES TO THE PROCEEDING

2. Pamela Lynn and Wilson Lynn, Jr. both as a Residents of California who are married and residing in Weaverville, CA (Note: Wilson had to take on full-time work as a Marshall at the Trinity Courthouse due to financial hardship), have suffered from all forms of Neglect and violations of state and federal law by Defendants herein.

## CORPORATE DISCLOSURE STATEMENT

3. A corporate disclosure is not applicable.

## STATEMENT OF RELATED PROCEEDINGS

4. The following proceedings are related to the case:

   a. **Private Arbitration between Plaintiffs v. Kaiser dismissed without prejudice**. The neutral arbitration organization is JAMS ADR and their part owner, Kirk H.

- 1 -

Nakamura, presided over the arbitration. **Outcome**: Plaintiffs documented the dismissal without prejudice - De Jure – of arbitration number 18022 on 04/02/2024 due to demanding, in discovery and in telephonic hearings (while working in Houston, TX as an Out of State Arbitration Counsel as allowed by the State of California's program codified under Code Civ. Proc. § 1282.4, Cal. Rules of Court rule 9.43, and the Rules of the State Bar, Title 3, Div. 3, Ch. 2, that Kaiser produce the signed arbitration agreement by the parties as required by California Health & Safety Code § 1599.81 ("Code") and Kaiser failed to do so in compliance with the Code. Due to this, Kaiser, JAMS ADR, OIA, and Kaiser's Counsel (La Follette Johnson, through Brian Meadows and Myra Firth) made up an arbitration agreement by using irrelevant parol evidence, properly objected to by Counsel of Record, with made up promises masked as consideration in violation of the Code in order to circumvent the Code's requirement of a signed arbitration agreement by the Plaintiffs. Under *2nd Restatement of Contracts § 7, Comment a. "Void Contracts"* 2025, which declares that one cannot form a contract using promises that violate the law and/or public policy or Code, so the arbitration was dismissed without prejudice, De Jure. In winning this arbitration fair and square, Counsel of Record demanded three (3) times for payment of his reasonable attorney's fee of $228,468, which was calculated using the California Casey Matrix hourly rate of $948 to his 241 hours spent writing, filing, and arguing in telephonic hearings in the arbitration. Currently, Kaiser has not paid the fees. This lack of payment has caused extreme financial hardship to Counsel of Record who sought to use the fee to cover out

of pocket litigation costs and also, to compensate the Plaintiffs who have not recovered any monetary compensation from the Defendants.

b. **State court complaints dismissed without prejudice.** Plaintiffs filed seven (7) cases in the Superior Court of California (Orange) to preserve Plaintiffs' claims Statute of Limitations while the Defendants continued the arbitration in violation of the Code. Respondents proceeded to pull in the seven (7) cases into the arbitration by pleading the Plaintiffs' case for them and this behavior resulted in their violations of Federal Arbitration Act, Federal Civil Conspiracy, IRS Code 501(c)(3) charitable purpose requirement, Sherman Antitrust (demonstration of it via this private arbitration), and Plaintiffs' substantive rights under the Amendments to the US Constitution (Altogether "Federal Questions" or "Constitution Violations"). **Outcome:** These cases were all dismissed without prejudice in order to file Plaintiffs' complaint at the Southern District of Texas due to the Federal Questions or Constitutional Violations.

   i. These Defendants held Counsel of Record's past Co-Counsel, Michael Ritter, Esq., hostage via potentially actionable False Imprisonment, because they would not let him be dismissed from the Arbitration but instead tried to make him Plaintiffs' counsel which the Plaintiffs vehemently denied verbally and in writing as Plaintiffs only have a Texas Fee Arrangement and Representation Agreement signed with Counsel of Record that is subject to the State of Texas jurisdiction.

- 3 -

Also, Counsel of Record hired Co-Counsel under an Of Counsel Agreement, which is subject to the State of Texas' jurisdiction.

ii. In that Agreement, Counsel of Record agreed to indemnify and hold harmless Co-Counsel for his involvement in the Arbitration, so this court's ruling on the Defendants' violation of the Federal Arbitration Act ("Act") is germane to Counsel of Records' Agreement obligations to Co-Counsel for indemnification. Furthermore, the Representation Agreement subjects the Plaintiffs to pay for the Of Counsel fees out of their recovery in this lawsuit. In short, if this court rules that Defendants violated the Act, then Co-Counsel would have no need for indemnification by Counsel of Record and the Plaintiffs would have no additional obligation to pay for the Of Counsel's cost, which would include payment of the Counsel of Records' obligation to indemnify the Co-Counsel for his involvement with the Arbitration.

c. **Federal District Court complaint dismissed without prejudice.** Southern District of Texas case number 4:24-cv-00935 was dismissed without prejudice Sua Sponte by Federal Judge Charles Eskridge and Federal Magistrate Judge Christina Bryan despite being recused for their appearance of partiality, bias, and/or prejudice and beforehand, denied Plaintiffs' motion to stay while filing their case at this Court. Plaintiffs accepted the dismissal due to the alternate forum of the Court and the judges acknowledged this in writing. This is why there is no pending legal proceeding in a

- 4 -

lower state or federal court for this Court to review.

Note: Plaintiffs file this Complaint anew at this court due to the new causes of actions to be presented herein and also, to follow the Court's precedents held in *Bush v. Gore*, 531 US 98 (2000) and *Wisconsin Bell, Inc. v. United States ex rel. Heath*, 145 US 498 (2025), which both demonstrated that the Court will hear and decide a case, which is still being litigated at a lower federal court or state supreme court. This is so both courts can be judicious and only opine on the issues applicable to their own jurisdiction.

d. **At the Court**, Plaintiffs filings have all be rejected and not given a docket number. The Courts' Chief Justice has authorized, through his administrators, Clerk of the Court, the rejection of the Plaintiffs' filings, so that the Plaintiffs have been halted by this administrative block. These filings include the following, which are all incorporated into their Exhibit A Writ of Mandamus:

- Motion for Leave to File a Bill of Complaint.
- Motion for Joinder of Required Party, Donald J. Trump.
- Writ of Mandamus Ordering Scott Harris to File and Docket Petitioners' Motions.
- Individual Application to Roberts directing the Mandamus to him for review.
- DEFAULT on all Respondents for failure to send a response or acceptance of Petitioners' Motions.
- Mandamus Ordering Roberts to file and Docket Petitioners' Mandamus.

Currently, the Exhibit B Writ of Certiorari has been filed at the Court and Plaintiffs eagerly await their docket number since they are following the Court precedent cited above, which supports a parallel litigation.

## STATEMENT OF THE CASE

5. This Complaint is based on the facts in Exhibit A's section titled "Facts Leading to the Lynn' Claims for Relief" located on pages 55A – 57A.

6. In addition, it is based on the causes of actions and facts in Exhibit A's section titled "Claim for Relief" and the specific claims are XI., XXI. through XXXII, which are located on pages 66A and 77A - 117A.

7. In reading Exhibit A sections and pages listed above, please equate Petitioners with Plaintiffs and Respondents as Defendants to allow for easy interpretation of the Plaintiffs facts and causes of actions herein.

8. All other "Claim[s] for Relief" are hereby reserved only for the Court's original, exclusive, and appellate jurisdiction.

## JURISDICTION

9. This court has jurisdiction over the above "Claims for Relief" due to the applicable federal laws stated therein.

10. This Court has personal jurisdiction over Defendant JAMS ADR. Texas' long-arm statute confers jurisdiction over a person (corporation) living outside the state or a non-resident corporation, joint-stock company, partnership, or association who is doing business within Texas.

- 6 -

11. Here, Defendants JAMS ADR has offices nationwide, including the following locations: 609 Main St Ste 3930, Houston, TX 77002; a virtual office in Austin, TX; and 5956 Sherry Lane, Suite 1330, Dallas, TX 75225. Note: Neutral Arbitrator, Kirk Nakamura) is a part owner of JAMS ADR and Mirra Jhang is his case manager.

12. JAMS ADR CEO, Chris Poole, was highlighted in the annual 2023 Texas Lawyer "Best Of" list. JAMS ADR CEO stated: "We are honored to see that our Texas Resolution Centers again received high praise from attorneys and law firm administrators alike, resulting in this excellent recognition. We are proud to serve our clients in the Texas legal community and are committed to continuing to evolve our service offerings to meet their changing needs."

13. Defendant JAMS ADR is a joint-stock company in partnership or association with Defendants Kaiser, OIA, and their employees who is doing business within Texas. As per Defendant JAMS ADR's CEO, business is good in Texas.

14. Also, Counsel of Record was subject to the JAMS ADR Neutral Arbitrators' hearings and rulings which occurred in Houston, TX where this court is located. His rulings prohibited the Counsel of Record to obtain legally earned and reasonable attorneys' fees demanded on Defendant Kaiser, so Plaintiffs were injured because Plaintiffs owe Counsel of Record's reasonable attorney's fees per their Fee Arrangement and Representation Agreement subject to the jurisdiction of the State of Texas. In addition, Counsel of Records' Of Counsel Agreement with Co-Counsel is subject to the State of Texas' jurisdiction.

15. Therefore, this court has personal jurisdiction over JAMS ADR under the Texas Long Arm statute and their continuous business contacts with the State of Texas, and also, due to the two

agreements noted above being subject to the State of Texas' law and jurisdiction.

16. In addition, in *Peters v. BASF Metals Ltd.*, the United States Court of Appeals held that when Plaintiffs allege that Defendants participated in a conspiracy, a court has personal jurisdiction over those parties if a co-conspirator's overt acts in furtherance of the conspiracy had sufficient contacts with a state to subject that co-conspirator to jurisdiction in that state. That is not a difficult requirement to meet: an overt act is any act performed by any conspirator for the purpose of accomplishing the objectives of the conspiracy personal jurisdiction is present. *Peters v. BASF Metals Ltd.* 61 F.4th 242 at 270 (2023)*; Charles Schwab Corp. v. Bank of Am. Corp.,* 883 F.3d at 86 (2018).

17. Here, Plaintiffs allege that Defendants Kaiser, La Follette, OIA, and JAMS ADR are co-conspirators who participated in a Federal Civil Conspiracy because JAMS ADR's rulings were based on a lack of jurisdiction since there was no binding arbitration agreement to give him authority to make the rulings and those rulings injured the Plaintiffs through fraud since Plaintiffs believed the arbitrator would obey the Federal Arbitration Act, California Health & Safety Code §101833, and contractual law, but he did not.

18. Therefore, Stare Decisis binds this court to exercise personal jurisdiction over JAMS ADR's co-conspirators who allowed this injustice to occur to the Plaintiffs and their Counsel of Record who represented them from the State of Texas.

19. Additionally, venue is proper due to the facts stated above.

20. Under 28 USCS § 1367, this court has supplemental jurisdiction over all the other

- 8 -

Defendants complained against via the federal laws and supportive facts stated above.

21. Here, Plaintiffs ask this court to not decline the exercise of supplemental jurisdiction over their claims because:

- The claims does not raise a novel or complex issue of State law, as these claims are handled within the State of Texas (i.e., the two agreements related to the Arbitration); or
- The claims do not substantially predominate over the claim or claims over which the district court has original jurisdiction because the Federal Questions are central to the Plaintiffs obtaining justice and the only other court that has original jurisdiction is the Court.

22. There are no exceptional circumstances or other compelling reasons for declining jurisdiction since Plaintiffs are litigating according to the Court's precedent by filing this case in parallel at this court.

23. Therefore, this court has supplemental jurisdiction over the claims presented and the Defendants since they are part of the same transaction or occurrence of the injuries to the Plaintiffs.

### NEW CAUSE OF ACTION FOR RELIEF BESIDE THOSE COMPLAINED IN THE STATEMENT OF THE CASE

24. Defendant JAMS ADR, acting through the State of California Out of State Arbitration Counsel Program that gives the arbitrator the power to accept an Out of State Counsel to represent the Plaintiffs in a California Arbitration, which Nakamura used that power to accept Counsel of Record via a document his wet signature, and Plaintiff had to pay money to the State of California for this right, used state power through this Program to deprive the Plaintiff's civil rights

under 42 USCS § 1983 AKA The Public Health and Welfare § 1983.

25. It is written: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

26. Here, Nakamura, under the color of the California statute, subjected the Plaintiffs who are US Citizens to a deprivation their civil rights to have won the arbitration with a dismissal without prejudice and have their Counsel of Record paid his reasonable attorneys fees, so they would not have to pay him these fees under their Fee Arrangement and Representations Agreement subject to the State of Texas' jurisdiction and also, the potential liability for Co-Counsel's cost in the Of Counsel Agreement.

- 10 -

27. In addition, Nakamura's failure to adhere to the Code denied the Plaintiffs due process rights under the 5th and 14th Amendments to the US Constitution. Due to there not being a signed arbitration agreement to allow the OIA rule 54 on page 19 (Version 1/1/2023) to be legally enforceable, then Nakamura is not an "Arbitrator [who] hear[s] the evidence and serve[s] as [a] "judge[s]."

28. Therefore, he lacks the legal capacity to be considered a judicial officer for his act or omission taken in such officer's judicial capacity in this case.

29. In other words, he cannot be afforded judicial immunity under this federal statute by this court since he is exempted from the protection of statute in order to uphold the Code, and he has no contractual authority to make such rulings, so he shall be found liable in this civil suit.

30. Moreover, it is his fraudulent conduct that contributed to the Plaintiffs injuries from all the causes of actions pled herein and this court has jurisdiction over this federal question as well.

## STANDING

31. Plaintiffs are US Citizens so they have standing.

## RIPENESS

32. Plaintiffs' injuries are ongoing and they are currently seeking to pray for relief from this court, so their causes of action are ripe for this court's judgment in their favor.

## PRAYER FOR RELIEF

33. WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment against Defendants, granting Plaintiff the following relief:

- This Court render a declaratory judgment as Sought for above;
- This Court to provide injunctive relief as Sought for above;
- This Court to provide damages as Sought for above;
- The entry of judgment in favor of the Plaintiffs on each and every cause of action;
- The award of the original requested amount of SIX HUNDRED AND FORTY-SEVEN MILLION AND FIFTY THOUSAND DOLLARS ($647,050,000.00) at least, but not limited to;
- The award of TREBLE of the originally requested amount due the relevant Defendants' Sherman Act violation(s), which is ONE BILLION NINE HUNDRED AND FORTY-ONE MILLION AND ONE-HUNDRED THOUSAND DOLLARS ($1,941,150,000.00) at least, but not limited to;
  - The sum of this above is TWO BILLION FIVE HUNDRED AND EIGHTY-EIGHT MILLION AND TWO HUNDRED THOUSAND DOLLARS ($2,588,200,000.00) at least, but not limited to;
- Plaintiffs request leave of this court to motion for exemplary damages in the constitutionally allowable amount, which is four times TWO BILLION FIVE HUNDRED AND EIGHTY-EIGHT MILLION AND TWO HUNDRED THOUSAND DOLLARS ($2,588,200,000.00), so in total this amounts to TEN BILLION THREE HUNDRED AND FIFTY-TWO MILLION AND

EIGHT HUNDRED THOUSAND DOLLARS ($10,352,800,000.00)

- The award of costs for all costs, suit, and attorney's fees; and
- Such other relief as the Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: May 29, 2025

Before Abraham was, I AM

*Steven Zamora, Esq. for JESUS*

By:   /s/Steven Zamora, Esq. for JESUS
      Steven Zamora, Esq.

9450 Pinecroft Dr. Unit 9834
The Woodlands, TX 77380
Mobile:        (858) 382-1064
E-mail:        stevenzamora@beforeabrahamwas-iam.org

Counsel of Record for the Lynns

- 13 -