**Civil Action No. 25-2465**
_____

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**
_____

Pamela Lynn and Wilson Lynn, Jr., Plaintiffs
vs.
JAMS ADR, Inc. et. al., Defendants
_____

**PLAINTIFFS' OPPOSITION TO JAMS ADR'S
MOTION TO DISMISS (DOCKET NUMBER 12)**
_____

Steven Zamora, Esq.
9450 Pinecroft Dr., Unit 9834
The Woodlands, TX 77380
stevenzamora@beforeabrahamwas-iam.org
(858) 382-1064
State Bar of Texas License #24120410

1. Plaintiffs' oppose JAMS ADR's Motion to dismiss (docket number 12) under FRCP 12(b)(1), (3), and (6) because:

    a. Sr. Judge Hanen's potential stricken of this motion has yet to occur;

    b. Plaintiffs generally oppose each and every argument presented in their motion and assert that their Complaint is sufficient;

    c. Plaintiffs' have presented new facts and causes of actions in their Complaint that were not addressed by the judges in the prior case filing;

    d. Plaintiffs have refiled in this court due to the Supreme Court's case precedent that allows concurrent litigation and jurisdiction of this matter based on the US Constitution;

    e. Case law supports Plaintiffs' refiling at this court since none of Plaintiffs' claims have been adjudicated on the merits;

    f. Plaintiffs' have been allowed leave to amend their Complaint per Docket 16 and shall amend their Complaint by 9/30/2025, so any court ruling in favor of JAMs ADR beforehand is premature per the Scheduling Order; and

    g. Defendants have asked for this court to rule on a deposition motion since they are asking this court to rule with prejudice on Plaintiffs claims asserted against them, so this motion is out of order with the current Scheduling Order.

2. Due to 1. above, this court shall deny Defendants Motion to Dismiss.

- 1 -

3. Sr. Judge Hanen's potential stricken of this motion has yet to occur, and when it occurs, this will either stricken this motion outright or stricken certain parts of it. As a result of this outstanding judicial action to uphold Court Rule 7's power and might, this motion may be stricken and denied or amended per this courts' partial stricken. Therefore, this court's action needs to occur in order for Plaintiffs to properly address each and every arguments proffered by JAMs ADR. Due to this, Docket number 22 is hereby incorporated by reference and made a part of this filed opposition.

4. Generally, Plaintiffs' oppose each and every argument presented in the motion and assert that their Complaint is sufficient. Therefore, this court shall deny the motion in order to allow for a three days jury trial to determine – through Sr. Judge Hanen's judicial instruction – if Plaintiffs causes of actions are meritorious.

5. Plaintiffs' have presented new facts and causes of actions that were not addressed by the Judges in case number 4:24-cv-00935. For instance, see the following new facts filed in this Complaint:

   a. JAMs ADR was served the summons and complaint in Houston, TX.

   b. Plaintiffs' legal representation agreement with Counsel of Record is subject to the State of Texas jurisdiction.

   c. Plaintiffs' Of Counsel agreement with Michael Ritter is subject to the State of Texas jurisdiction.

   d. The actual Defendants named in this case were served by the Plaintiffs and this was not the same in the prior filed case.

e. The prior judges acted Sua Sponte.

f. Plaintiffs are concurrently litigating at the Supreme Court and this court, and Plaintiffs originally filing at the Supreme Court occurred on 11/4/2024.

g. After Plaintiffs dismissed without prejudice the arbitration in California and notified the State Bar of California of this due to the lack of there being a signed arbitration agreement, JAMs ADR granted Defendants Kaiser and La Follette's terminating sanctions in the amount of over $10,000 against, Plaintiffs, Counsel of Record, and Co-Counsel, which the OIA did not enforce because they lacked the legal and contractual authority to do so.

For instance, see the following new causes of action filed in this Complaint, which include, but are not limited to:

a. Civil Rights Act violations;

b. Eggshell doctrine applied to the Plaintiffs' injuries due to Defendants alleged unlawful continuance of the arbitration even in the fact of violating the Health & Safety Code and US Arbitration Act.

   a. This theory applies to all the cost of litigation at the Supreme Court and at this court as well.

Therefore, the new facts and causes of actions presented above were not reviewed, adjudicated, or even considered by the judges in the prior case, so this court shall deny this motion because Plaintiffs shall have their three days in court with a jury in Houston, TX in 2026.

6. Plaintiffs have refiled in this court due to the Court's precedent set that allow for concurrent jurisdiction. In the Plaintiffs' Complaint Docket number 1, page 6. Therefore, in order to comply with Supreme Court case precedent, Plaintiffs had to refile at this court to adjudicate the causes of actions subject to this court's jurisdiction. Therefore, this court shall deny this motion because Defendants seek to overthrow Supreme Court Stare Decisis.

7. Plaintiffs' have been allowed leave to amend their Complaint per Docket 16 and shall amend their Complaint by 9/30/2025, so any ruling by this court is premature per the schedule. Therefore, Plaintiffs will utilized leave of this court granted by Docket number 16 to amend their pleadings even though JAMs ADR's arguments in their motion fail for the reasons stated herein.

8. Defendants have asked for this court to dismiss Plaintiffs' Complaint with prejudice, which has made their motion a dispositive one, so this motion is out of order with the current Scheduling Order for deposition motions to be filed by 4/30/26. In Docket number 12, page 2, JAMs ADR "respectfully ask this Cout to dismiss Plaintiffs suit with prejudice," so this has made their motion dispositive without the allowance for pretrial discovery. Therefore, Defendants are out of order and this court shall postpone the filing and ruling on dispositive motions until the date set by Docket number 16.

9. Case law supports Plaintiffs' refiling at this court since none of Plaintiffs' claims have been adjudicated on the merits. In *Crane*, the Northern District of Texas addressed a motion to dismiss based on improper venue. The defendants argued that one plaintiff, who resided in the Northern District, was improperly joined to create venue. The court rejected this argument, finding that the plaintiff had standing and was not collusively

joined. The court denied the motion to dismiss for improper venue and allowed the case to proceed in the Northern District of Texas. The court also dismissed certain claims without prejudice, allowing for potential refiling. Crane v. Napolitano, 920 F. Supp. 2d 724 (2013).

Here, none of Plaintiffs' claims have been adjudicated on the merits. Plaintiffs have standing per the Complaints' section on jurisdiction, *see Docket number 1, pages 7 – 10.* Plaintiffs ask this court now to deny this motion and allow this Complaint to proceed to three day jury trial.

Moreover, *In Re Team* Rocket, the Texas Supreme held that once a venue determination is made, it is conclusive as to the parties and claims involved, and a nonsuit cannot circumvent this rule. The court found that permitting such refiling would enable forum shopping, which is prohibited. Mandamus relief was granted because there was no adequate appellate remedy to address the improper venue procedure In re Team Rocket, L.P., 256 S.W.3d 257 (2008).

Here, the Plaintiffs are not forum shopping and have refiled at this court to comply with the precedent cited in *In Re Team Rocket* and also at the Supreme Court as cited in the Complaint. Also, please note the judges who acted Sua Sponte in the dismissal without prejudice did so without the new facts and causes of actions presented herein, and their rulings were without prejudice, which means that Plaintiffs could refile on the same or similar issues original brought in the first filing.

10. For the reasons stated herein, Plaintiff respectfully request Judge Hanen to stricken in whole or in part without further notice and also deny this motion, and if allowable, give leave of Plaintiffs' counsel to seek payment from Defendants for his seven (7) hours spent in constructing this opposition for the Plaintiffs.

Dated: September 15, 2025

Before Abraham was, I AM

By: <u>/s/Steven Zamora, Esq. for JESUS</u>
Steven Zamora, Esq.

9450 Pinecroft Dr. Unit 9834
The Woodlands, TX 77380
Mobile: (858) 382-1064
E-mail: stevenzamora@beforeabrahamwas-iam.org

Counsel of Record for the Lynns

- 6 -