IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA LYNN AND WILSON LYNN, JR., § <br> *Plaintiffs,* § <br> § <br> v. § <br> § <br> KAISER FOUNDATION HEALTH PLAN, § <br> INC., et al. § <br> *Defendants.* § | Civil Action No. 4:25-cv-02465 |

**JAMS, INC., HON. KIRK H. NAKAMURA, AND MIRRA JHANG'S
<u>REPLY IN SUPPORT OF RULE 12(b) MOTION TO DISMISS</u>**

Defendants JAMS, Inc.,[1] Hon. Kirk H. Nakamura, and Mirra Jhang (together, "JAMS Defendants") file this Reply in support of their Motion to Dismiss Plaintiffs Pamela and Wilson Lynn, Jr.'s ("Plaintiffs") Complaint (the "Motion"), and would show the Court as follows:

<u>Argument</u>

None of the arguments in Plaintiffs' Response—about purported new facts or causes of action—change anything about JAMS Defendants' Motion. This Court should grant the Motion and dismiss all claims against JAMS Defendants with prejudice. Further, Plaintiffs' pleadings deadline has passed and the Court should deny leave to amend, as the Complaint's defects are not curable in any event. JAMS Defendants have arbitral immunity and venue remains improper.

**I.    None of Plaintiffs' Claims Are New, and If They Were, Dismissal Would Be Proper in Any Event.**

Plaintiffs argue that they have "presented new facts and causes of action in their Complaint that were not addressed by the judges in the prior case," citing "Civil Rights Act violations" and the "Eggshell doctrine." Resp. at 1, 3. As explained in the Motion, this is not true. Mtn. at 3 n.4.

---

[1] Plaintiffs name "JAMS ADR" as a defendant, but no such entity exists. JAMS, Inc. is the organization whose arbitrator administered the underlying arbitration in this matter.

1

The Complaint appears to allege violations of 42 U.S.C. § 1983 for the general "deprivation of any rights, privileges, or immunities secured by the Constitution." Compl. ¶¶24-25.  First, it alleges due process violations. *Id.* ¶27.  But Plaintiffs' prior lawsuit also alleged due process violations. *See* Pls' Amd. Compl., Cause No. 4:24-CV-00935 (S.D. Tex. Apr. 28, 2024) [ECF No. 19] at 16.  Second, it alleges Plaintiffs had a "civil right to have won the arbitration." Compl. ¶26.  There is no such right.  The eggshell doctrine is a legal principle and sometimes a jury instruction, not a claim for relief. *See, e.g.*, *Zimmer v. Travelers Ins. Co.*, 521 F. Supp. 2d 910, 946 (S.D. Iowa 2007); *Fleming v. Multnomah Cnty.*, No. CIV.03-462-MO, 2004 WL 1211924, at *4 n.2 (D. Or. June 1, 2004).[2]

Even if these allegations *were* claims and *were* new to this case, none of them change the venue or arbitral immunity analysis, and—like the others—Plaintiffs fail to state a claim on them beyond threadbare assertions and conclusory statements. *See* Mtn. at 4-8 (citing FED. R. CIV. P. 12(b)).[3]  Plaintiffs' Response does not even engage with arbitral immunity.

## II.  Plaintiffs' Purported New Facts Do Not Change the Venue, Immunity, or Rule 12(b)(6) Analyses, and Nor Can They.

Plaintiffs assert that "new facts" distinguish this case from the identical matter that this Court already dismissed on venue grounds in 2024. Resp. at 2.  Plaintiffs list several purported administrative details regarding the manner in which service of process was made on certain Defendants and the terms of Plaintiffs' fee agreements with their counsel. Resp. at 2-3.  None of these allegations relate to the underlying dispute nor the venue analysis, which turns on where "a

---

[2] *See also, e.g.*, "Thin skull" or "eggshell skull" rule, generally, 2 Stein on Personal Injury Damages Treatise § 11:1 (3d ed.).

[3] Plaintiffs cite *Crane* for the notion that a plaintiff may *refile* claims barred under 28 U.S.C. § 1391 as long as they "have not been adjudicated on the merits." Resp. at 4 (citing *Crane v. Napolitano*, 920 F. Supp. 2d 724 (N.D. Tex. 2013)). *Crane* does not so hold. *See* 920 F. Supp. 2d at 746. Plaintiffs' view of the law would strip away all effect of the venue rules entirely.

substantial part of the events or omissions *giving rise to the claims* occurred." 28 U.S.C. § 1391(b) (emphasis added); *see also* Mtn. Ex. B (venue analysis). Nor do they affect JAMS Defendants' arbitral immunity defense. *See* Mtn. at 6-7. And nor do they do anything to lift Plaintiffs' purported right to relief "above the speculative level." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007).

**III.    It Is Too Late for Plaintiffs to Amend Their Complaint.**

Plaintiffs state that they intend to amend their Complaint, citing this Court's August 28, 2025 Scheduling Order and its joinder deadline of September 30, 2025. Resp. at 1, 4 (citing [Dkt. No. 16]). As an initial matter, any amendment is futile. But, in any event, the Court's *joinder* deadline is not an amended *pleadings* deadline. Under Rule 15, Plaintiffs' Complaint may be amended only "once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . *whichever is earlier*." Fed. R. Civ. P. 15 (emphasis added).

Here, JAMS Defendants served their 12(b) Motion on August 25, making Plaintiffs' amended pleadings deadline September 15, which has passed. Plaintiffs should have amended their Complaint, if they so desired, at the time their Response to the Motion was due. "[I]n a multi-defendant case such as this . . . only *one opportunity* is afforded by Rule 15 to amend as a matter of course." *Merisier v. Johnson Cnty., Tex.*, No. 3:19-CV-2911-X-BN, 2020 WL 13856958, at *1 (N.D. Tex. May 26, 2020) (emphasis added). Plaintiffs do not get "a new opportunity to amend their pleading" each time a new defendant is added, served, or "file[s] . . . an answer or a Rule 12 motion to dismiss." *Id.* JAMS Defendants would oppose any request for leave to amend, and any such amendment would be fruitless in any event. The defects enumerated in the Motion are not curable.

3

## Conclusion

JAMS Defendants request that the Court dismiss all claims against JAMS Defendants with prejudice, and respectfully request all further relief to which they are justly entitled.

Dated: September 19, 2025

**GIBBS & BRUNS, LLP**

*/s/ Anthony N. Kaim*
Anthony N. Kaim
*Attorney-In-Charge*
Federal ID No. 1078087
State Bar No. 24065532
akaim@gibbsbruns.com
Peter J. McDonald
*Of Counsel*
Federal ID No. 3687674
State Bar No. 24116738
pmcdonald@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

**Attorneys for Defendant JAMS, Inc., Hon. Kirk H. Nakamura, and Mirra Jhang**

## Certificate of Service

Pursuant to LR5.3 and Fed. R. Civ. P. 5(b), undersigned counsel certifies that this document was served via ECF/CMF delivery on September 19, 2025.

*/s/ Peter J. McDonald*
Peter J. McDonald