**Civil Action No. 25-2465**

---

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

---

PAMELA LYNN AND WILSON LYNN, JR., PLAINTIFFS
vs.
JAMS, INC. ET. AL., DEFENDANTS

---

**AS GIVEN LEAVE BY THIS COURT TO DO SO UNDER DOCKET NO. 16, PLAINTIFFS' MOTION FOR JOINDER OF CLAIMS UNDER FRCP 18 AND JOINDER OF REQUIRED PARTIES UNDER FRCP 19, EXCEPTION FOR CLASS ACTION UNDER FRCP 23, BECAUSE THE LYNNS' ARE EGGSHELL PLAINTIFFS SO THEIR CLAIMS AND THE PARTIES IN THE COMPLAINTS' EXHIBIT A AND EXHIBIT B ARE RELEVANT AND SHALL BE JOINED TO THIS CASE FOR THIS COURT TO GRANT COMPLETE RELIEF**

---

Steven Zamora, Esq.
9450 Pinecroft Dr., Unit 9834
The Woodlands, TX 77380
stevenzamora@beforeabrahamwas-iam.org
(858) 382-1064
Supreme Court of the United States License #323046
State Bar of Texas License #24120410

**PLAINTIFFS JOINS ALL THE COMPLAINT'S EXHIBIT A AND EXHIBIT B CLAIMS TO THIS CASE IN ACCORDANCE WITH FRCP 18 AND PURSUANT TO DOCKET NO. 16**

1. Under Federal Rules of Civil Procedure ("FRCP") 18, a party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party.

2. Here, the Plaintiffs are parties that have asserted claims against the served Defendants via their Complaint, including Exhibits A and B (altogether "Exhibits"). The Plaintiffs take heed to FRCP 18 instruction to join as many claims as it has against the served Defendants, so Plaintiffs now move this court to join all their claims as matter of right under FRCP 18 that are within the Exhibits.

3. Plaintiffs join these claims now because Docket No. 16 allows for joinder of parties to be completed by 30 September 2025, so Plaintiffs respect this court's established scheduling order.

    Also, Plaintiffs see that FRCP 18 precedes FRCP 19 for a critical and very logical purpose, which is that the claims asserted by the Plaintiffs in this case dictate who the required parties are. For without this utilization of the established chronological order, then even our FRCP would be out of order.

    The Plaintiff thereby move in harmony with this courts' scheduling order and also the FRCP chronological order in filing and proposing this court grant this Motion.

4. Therefore, this court shall join all the claims within the Exhibits to this case for adjudication via a three day jury trial that is set for 14 December 2026.

THE EGGSHELL PLAINTIFF RULE APPLIES TO THE LYNNS SO THEIR INJURIES DOCUMENTED IN THE COMPLAINT, INCLUDING PRE-ARBITRATION AND POST-ARBITRATION, ARE RELEVANT TO THE ADJUDICATION OF THEIR CLAIMS UNDER FRCP 18 SO JOINDER OF THESE CLAIMS IS SUPPORTED BY STARE DECISIS, ITS ESTABLISHED LEGAL DOCTRINE, AND FRCP 18

5. The "eggshell plaintiff" rule is a legal doctrine that holds a defendant liable for the plaintiff's unforeseeable and uncommon reactions to the defendant's negligent or intentional act. This rule is encapsulated in the principle that "a tortfeasor takes its victims as it finds them." This means that if a plaintiff has a preexisting condition that makes them more susceptible to injury, the defendant is still fully liable for all the consequences of their actions, even if the injuries are more severe than what would be expected for an average person. Vosburg v. Putney, 86 Wis. 278 (1893).

Applied to this Motion, the Lynns have subsequent injuries – whether unforeseeable and/or uncommon reactions - that relate back to the Defendants' negligent or intentional act(s) pled in the Complaint, so the eggshell plaintiff rule applies to them. The Plaintiffs subsequent injuries are founded in the Writ of Mandamus (Docket No.1, Exhibit A) and in the Writ of Certiorari's Questions Presented (Docket No. 1, Exhibit B). The cost of litigation and the severe emotional distress – inter alia as captured in Docket No. 1- are to be treated as eggshell injuries and to be joined to this case to allow Plaintiffs' complete recovery if their claims are proven true.

Therefore, the Plaintiffs move this court to join these claims under FRCP 18 and as supported by the eggshell plaintiff rule stare decisis.

SINCE THE CLAIMS ARE JOINED THEN COMPLETE RELIEF CANNOT BE GRANTED BY THIS COURT UNLESS THE REQUIRED PARTIES ARE ALSO JOINED TO THIS CASE UNDER FRCP 19

6. Under FRCP 19, persons [are] required to be joined if feasible. The party is subject to service and whose joinder will not deprive the court of subject-matter jurisdiction must be joined if:

   In the party's absence, the court cannot accord complete relief among the existing parties.

7. The joinder of the following named Defendants in the Complaint is feasible since they are all subject to service and do not deprive this court of subject-matter jurisdiction (Docket No. 1, pages 7 – 10 for Jurisdiction):

   Dr. Marc Davison, Dr. Julio Vaquerano, Dr. Gavin Jonas, Dr. Andrew Giap, Dr. Lucio Loza, Dr. Roberto Limgenco Barreto, Dr. Albert Sung-Unjin, Dr. Xaviour James Walker, Dr. Srilakshmi Moturu, Dr. Andrew Bindman, Greg Adams, Janet Liang, Mirra Jhang, Brian Meadows, Myra Firth, Mitzi Thomas

   Here, Plaintiffs join the individual Defendants separate from their corporate affiliation because they have been alleged to have committed tortious acts that have injured the Plaintiffs and can be found jointly and severally liable on their own despite their corporation, partnership, or

company affiliation through employment or ownership.

Therefore, in these party's absence, the court cannot accord complete relief among the existing parties, so they shall be joined.

8. The joinder of the following defendants named in the Complaint's Exhibits is feasible since they are all subject to service (See the Docket No. 1 Exhibits Proofs of Service) and do not deprive this court of subject-matter jurisdiction (See the Docket No. 1 Exhibits argument for jurisdiction under US Constitutions' Article III, Section 2, Article II, Amendments 1, 5, 12, 14, 24 and 25, but not limited to):

   Aetna Life Insurance Company, County of Orange, State of California, Gavin Newsom, District of Columbia, Muriel Bowser, State of Colorado, Jared Polis, State of Georgia, Brian Kemp, State of Hawaii, Josh Green, State of Maryland, Wes Moore, State of Oregon, Christine Kotek, State of Virginia, Glenn Youngkin, State of Washington; Jay Inslee, Supreme Court of the United States, Kamala Harris, Patty Murray, Library of Congress, Executive Branch of the United States; and Joe Biden.

   As a result, in these party's absence, the court cannot accord complete relief among the existing parties, so they shall be joined to this case for adjudication via three day jury trial that is set for 14 December 2026.

9. Therefore, for the reasons stated above, these claims shall be joined under FRCP 18 and these parties shall be joined under FRCP 19, which

allows for Due Process to occur since the Plaintiffs have been denied this fundamental right in the Defendants Kaiser Entities Arbitration System who sanctioned over $10,000 them without a signed arbitration agreement, Superior Court of California due to the Defendants alleged violation of federal laws and the US Constitution, Southern District of Texas (first filing) dismissal without prejudice, and the Supreme Court of the United States gaslighting of Plaintiffs since 4 November 2024.

Dated: September 30, 2025

**Before Abraham was, I AM**

By: /s/Steven Zamora, Esq. for JESUS
Steven Zamora, Esq.

9450 Pinecroft Dr. Unit 9834
The Woodlands, TX 77380
Mobile: (858) 382-1064
E-mail: stevenzamora@beforeabrahamwas-iam.org

Counsel of Record for the Lynns

- 5 -

Certificate of Conference

Pursuant to this Court's Civil Procedure 7(P), Counsel of Record contacted all Defendants counsels via email on September 21, 2025 providing them advanced notice of Plaintiffs' intentions to file this motion and asked them if they supported the motion or opposed it. On September 22, 2025 Plaintiffs' Counsel of Record called all the Defendants Counsel via phone and left a message for them all. Plaintiffs' Counsel of Record did speak with Kaiser and OIA Counsel of Record, Derek Davis, and we discussed the joinder of required parties and claims, which he opposed, but he honed in on "what in the world does Kamala Harris have to do with the Lynns," and Plaintiffs' Counsel of Record explained the Complaint's Exhibits relevant party and claims, and Mr. Davis said "got it."

**Before Abraham was, I AM**

By:   /s/Steven Zamora, Esq. for JESUS
      Steven Zamora, Esq.


Certificate of Service

Pursuant to LR5.3 and Fed. R. Civ. P. 5(b), undersigned counsel certifies that this document was served via ECF/CMF delivery on September 30, 2025.

**Before Abraham was, I AM**

By:   /s/Steven Zamora, Esq. for JESUS
      Steven Zamora, Esq.