**Civil Action No. 25-2465**
_____

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**
_____

PAMELA LYNN AND WILSON LYNN, JR., PLAINTIFFS
vs.
JAMS, INC. ET. AL., DEFENDANTS
_____

**AS GIVEN LEAVE BY THIS COURT TO DO SO
UNDER DOCKET NO. 16, PLAINTIFFS'
MOTION FOR CLASS ACTION
CERTIFICATION UNDER FRCP 23 BY
ULTILIZING THE EXCEPTION IN FRCP 19**
_____

Steven Zamora, Esq.
9450 Pinecroft Dr., Unit 9834
The Woodlands, TX 77380
stevenzamora@beforeabrahamwas-iam.org
(858) 382-1064
Supreme Court of the United States License #323046
State Bar of Texas License #24120410

1. Plaintiffs respectfully move this court to grant them two different class status certifications:

   1) Kaiser patients who have signed or who have not signed the Kaiser's Arbitration Agreement prior to receiving Kaiser medical care,  and these Kaiser patients who have alleged injury in Kaiser's hospitals that are operated in any of the US States identified in the Complaint, including Exhibit A and Exhibit B (altogether "Exhibits"), who have participated in Kaiser's Arbitration System and have not received recovery or a lesser than the legally allowable amount of recovery ("Kaiser Arbitration Class" or "KAL"); and

   2) US citizens who voted in the 2020 and 2024 primary and general US Vice and Presidential Elections, and had to endure the executive administration as a result of these Elections ("US Voters").

2. Under FRCP 23, the Plaintiffs are one or more class members that are suing the parties identified in the Complaint and its Exhibits individually and/or as representative parties on behalf of all class members of KAL and US Voters:

   - The class is so numerous that joinder of all members is impracticable.

     o Regarding KAL – The class is the number of Kaiser Patients. For example, in Southern California alone there are over 4.6 million Kaiser Patients, which does not include the entire State of California nor does it include the other US States where Kaiser operates in. Furthermore, the amount of Kaiser patients who undergo their Arbitration System is located in Docket No. 11, Trial Exhibits, but not limited to, because the Defendant OIA is legally required to

provide annual reporting under California law of these arbitrations being held. See https://www.kp-scalresearch.org/aboutus/fast-facts/

Therefore, over 4.6 million Kaiser members is so numerous of a class that joinder of all members is impracticable.

o Regarding US Voters – this class number is as numerous as all the US Voters who participated in the 2020 and 2024 primary and general Vice and Presidential Elections, and all US Citizens who had to live in the US during the administration of these Elections' results.

Therefore, US Voters is so numerous of a class that joinder of all US voters is impracticable.

- There are questions of law or fact common to the class.

  o Regarding KAL and US Voters - The questions of law or fact common to these classes are described in the Plaintiffs Complaints and Exhibits. Note, Counsel of Record provides more detailed legal analysis concerning this topic and 23(b) below.

- The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

  o Regarding KAL –Plaintiffs Complaint and its Exhibits claims are typical of Kaiser Patients. See https://oia-kaiserarb.com/uploadedfiles/Summary.pdf, which includes the types of claims brought by Kaiser patients in the

Arbitration System, which is reported by the OIA.

o Regarding US Voters – See Plaintiffs Complaint and Exhibits which contains claims of the defendants' unconstitutional acts and Neglect of US Voters in multiple US States.

- The representative parties will fairly and adequately protect the interests of the class.

    o Regarding KAL and US Voters – The Lynns are members of both classes and their Counsel of Record is an experienced, educated, and active practicing Multistate (4 US States), Federal, and Supreme Court Lawyer who is serving the Plaintiffs and these potential classes with love and steadfast diligence, plus endurance.

Additionally, the court must find that at least one of the provisions of FRCP 23(b), governing the types of class actions, has been satisfied, which is the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

Here, the Defendants have filed four dispositive motions (dismissals with prejudice and/or final judgment) against the Lynns' Compliant, which are Docket Nos. 12, 17, 18, and 26, so the parties opposing the class's members and Plaintiffs have acted on grounds that apply generally to the classes, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

In sum, the Plaintiffs represents these two classes in two unique ways, which deserve this court's

- 3 -

attention and consideration for potential certification which is offered as proof of qualification of meeting FRCP 23(b):

1) Regarding KAL – The majority of Kaiser Patients have signed the Arbitration Agreement, except for the Plaintiffs, and are bound to the alleged monopolistic Kaiser Arbitration System through this signed Arbitration Agreement. However, since the Lynns did not sign this Arbitration Agreement, then they are free to sue the Defendants in this federal court and at the Supreme Court without restraint like the member of this class cannot. In sum, the Lynns current set of circumstances gives them the unique opportunity to represent a class Kaiser Patients that have been unrepresented since 1999, which is when the Kaiser Arbitration System started. Moreover, Counsel of Record has heard it said when one accomplish a major feat in one's life then that person shall thank the people who helped that one person accomplish that major feat. Here, the KAL class are the shoulders that the Lynns stand upon to file this motion at this court (the class has helped them), so the KAL class and the Plaintiffs shall be rewarded by monetary damages and/or other equitable relief as determined by this court; and

2) Regarding US Voters, the Plaintiffs have the only active federal case challenging – inter alia claims within the Complaint and its Exhibits - the unconstitutionality of Kamala Harris running for Vice President and President in 2020 and 2024 in violation of Article II, Amendments 1, 12, 24, and 25, and her alleged fraudulent service as Vice President from 2020 – 2024 by posing as someone who could constitutionally do so without a subsequent amendment to the US Constitution, and US Jurisprudence is opposed to her. *See all the US*

*Constitutional Amendments added since the Bill of Rights.*

Therefore, the Plaintiffs meet all the elements required of FRCP 23 to obtain this court's class(es) certification.

Dated: September 30, 2025

**Before Abraham was, I AM**

By:   /s/Steven Zamora, Esq. for JESUS
       Steven Zamora, Esq.

9450 Pinecroft Dr. Unit 9834
The Woodlands, TX 77380
Mobile:       (858) 382-1064
E-mail:        stevenzamora@beforeabrahamwas-iam.org

Counsel of Record for the Lynns

## Certificate of Conference

Pursuant to this Court's Civil Procedure 7(P), Counsel of Record contacted all Defendants counsels via email on September 23, 2025 providing them advanced notice of Plaintiffs' intentions to file this motion and asked them if they supported the motion or opposed it. Same day, Plaintiffs' Counsel of Record received an email response from JAMS, Inc. and Law Firm Counsels of Record opposing this motion.  On September 22, 2025, Plaintiffs' Counsel of Record spoke with Kaiser and OIA Counsel of Record, Derek Davis, and we discussed this motion for class action, which he opposed.

**Before Abraham was, I AM**

By:   /s/Steven Zamora, Esq. for JESUS
        Steven Zamora, Esq.


## Certificate of Service

Pursuant to LR5.3 and Fed. R. Civ. P. 5(b), undersigned counsel certifies that this document was served via ECF/CMF delivery on September 30, 2025.

**Before Abraham was, I AM**

By:   /s/Steven Zamora, Esq. for JESUS
        Steven Zamora, Esq.