# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| PAMELA LYNN AND WILSON LYNN, JR., § <br>    *Plaintiffs,* § <br> § <br> v. § <br> § <br> KAISER FOUNDATION HEALTH PLAN, § <br> INC., et al. § <br>    *Defendants.* § | Civil Action No. 4:25-cv-02465 |

## JAMS, INC., HON. KIRK H. NAKAMURA, AND MIRRA JHANG'S FIRST AMENDED RULE 12(b) MOTION TO DISMISS

**GIBBS & BRUNS, LLP**

*/s/ Anthony N. Kaim*
Anthony N. Kaim
*Attorney-In-Charge*
Federal ID No. 1078087
State Bar No. 24065532
akaim@gibbsbruns.com
Peter J. McDonald
*Of Counsel*
Federal ID No. 3687674
State Bar No. 24116738
pmcdonald@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

***Attorneys for Defendants JAMS, Inc., Hon. Kirk H. Nakamura, and Mirra Jhang***

Defendants JAMS, Inc., Hon. Kirk H. Nakamura, and Mirra Jhang (together, "JAMS Defendants") file this First Amended Motion to Dismiss Plaintiffs Pamela and Wilson Lynn, Jr.'s ("Plaintiffs") First Amended Complaint on the basis of improper venue, arbitral immunity, and failure to state a claim, FED. R. CIV. P. 12(b)(1), (3), (6), and would show the Court as follows:

## Statement of the Issues

Whether Plaintiffs' claims must be dismissed with prejudice because (i) this Court already ruled venue improper in this District (and nothing has changed), (ii) JAMS Defendants are protected by arbitral immunity for acts—such as these—within the scope of their arbitral process, and/or (iii) in any event, Plaintiffs fail to state a plausible claim for relief.

## Summary of the Argument

JAMS Defendants respectfully ask this Court to dismiss Plaintiffs' suit with prejudice on the basis of (i) improper venue, (ii) arbitral immunity, and (iii) failure to state a claim. Plaintiffs re-assert the same claims against the same defendants that this Court already dismissed on June 5, 2024 for improper venue. This District is no more proper for these claims now than it was 16 months ago. Further, Plaintiffs' claims against JAMS Defendants should be dismissed *with prejudice,* as JAMS Defendants are protected by arbitral immunity for acts within the scope of the arbitral process. This dispute arises entirely from an arbitration with a JAMS arbitrator, which Plaintiffs themselves initiated and submitted to in 2023. Finally, even without the venue and immunity problems, Plaintiffs' claims should be dismissed for failure to state a claim, as the First Amended Complaint alleges nothing beyond naked assertions and conclusory statements.

**Legal Standard**

First, "[u]nder the law of the case doctrine, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." *Quicksilver Res., Inc. v. Eagle Drilling, LLC*, No. CIV.A. H-08-868, 2008 WL 3165745, at *5 (S.D. Tex. Aug. 4, 2008). "Law of the case should be applied to promote finality in venue disputes to minimize delay in adjudication of substantive complaints." *Id.* (explaining "law of the case" applies "with **even greater force" to venue decisions**) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815-16, 819 (1988)).[1]

Second, "organizations that sponsor arbitrations are entitled to immunity from civil liability . . . with regard to the tasks that they perform that are integrally related to the arbitration." *Jason v. Am. Arb. Ass'n, Inc.*, 62 F. App'x 557, 2003 WL 1202934, at *1 (5th Cir. 2003). Arbitral immunity "**extends to all acts** within the scope of the arbitral process and covers both ***individual arbitrators and their sponsoring organizations***." *Texas Brine Co., LLC v. Am. Arb. Ass'n, Inc.*, No. CV 18-6610, 2018 WL 5773064, at *2 (E.D. La. Nov. 2, 2018), *aff'd sub nom. Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482 (5th Cir. 2020). It applies unless the arbitrator acted in "**clear absence** of jurisdiction." *Wartsila N. Am., Inc. v. Int'l Ctr. for Disp. Resol.*, 387 F. Supp. 3d 715, 722 (S.D. Tex. 2018).

Third, a complaint fails under Rule 12(b)(6) where its factual allegations do not "raise a right to relief above the speculative level." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While courts accept "all *well-pleaded facts* as true and draw[] all reasonable inferences in favor of the nonmoving party," *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021), whether a fact is "well pleaded"

---

[1] Unless otherwise stated, all emphasis herein is added.

2

is not a given. "[T]he court does not presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (citation omitted).

## Argument

### I. This Court Already Found Venue Improper in the Southern District of Texas.

This issue is already decided and binding on Plaintiffs. Plaintiffs filed the same claims against JAMS Defendants just last year. *Compare* Pls' Amd. Compl., Cause No. 4:24-CV-00935 (S.D. Tex. Apr. 28, 2024) [ECF No. 19] at 2 (same defendants); *id.* at 11 (no arbitration agreement exists and dismissal of arbitration); *id.* at 12 (vacate arbitration award); *id.* at 15 (fraud and civil conspiracy); *id.* at 16 (due process and equal protection); *id.* at 17 (Sherman Act); *id.* at 20 (revocation),[2] *with* Sep. 30, 2025 First Amd. Compl. [ECF No. 38] at ¶¶7-8 (citing *id.* Appx. at 66A (no arbitration agreement); *id.* at 103A (dismissal of arbitration); *id.* at 105A (vacate arbitration award); *id.* at 109A (fraud and civil conspiracy); *id.* at 110A (due process and equal protection); *id.* at 112A (Sherman Act); *id.* at 116A (revocation)).[3] [4]

On June 5, 2024, Judge Eskridge dismissed all of Plaintiffs' claims in the prior suit without prejudice for improper venue, based on the *sua sponte* recommendation of Magistrate Judge

---

[2] The Court may take judicial notice of Plaintiffs' filing in Cause No. 4:24-CV-00935. "Documents in judicial actions and cases' dockets are public records of which any court can take judicial notice." *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 327 (E.D. Tex. 2021) (citing FED. R. EVID. 201).

[3] Plaintiffs reference parallel filings they have made in the Supreme Court of the United States, and they attempt to distinguish between the claims asserted in both forums. *See* Sep. 30, 2025 First Amd. Compl. [ECF No. 38] at ¶¶8, 10, 26-32. But even the claims they appear to distinguish as "Newer Cause[s] of Action" in this Court, *id.* ¶¶26-32, are the same claims previously filed and dismissed in 2024. *See id.* at ¶¶26, 28-29 (civil rights claims); *id.* at ¶¶28, 31 (conspiracy claim); *id.* at ¶32 (fraud claim).

[4] Plaintiffs further allege that they may *refile* claims barred under 28 U.S.C. § 1391 as long as they "have not been adjudicated on the merits." *Id.* ¶¶ 7-8. This is not so. Plaintiffs' view of the law would defeat the purpose of the venue rules entirely, which are designed to determine the proper forum for claims *before* they are adjudicated on the merits.

3

Bryan.[5] *See Lynn v. Kaiser Found. Health Plan Inc.,* No. 4:24-CV-00935, 2024 WL 2855465, at *1 (S.D. Tex. June 5, 2024) (Eskridge, J.), attached hereto as Exhibit A; *Lynn v. Kaiser Found. Health Plan, Inc.*, No. 4:24-CV-00935, 2024 WL 2852536, at *1 (S.D. Tex. Apr. 25, 2024) (Bryan, J.), attached hereto as Exhibit B.

Courts apply "law of the case" principles where a court has already issued a ruling on venue.[6] *See, e.g.*, *United States v. Petty*, 834 F. App'x 107, 108 (5th Cir. 2021); *Quicksilver*, 2008 WL 3165745, at *5. "[P]rinciples of law of the case should be applied to promote finality in venue disputes to minimize delay in adjudication of substantive complaints." *Quicksilver*, 2008 WL 3165746, at *5. "Policies supporting the law of the case doctrine apply **with even greater force** to transfer decisions . . . because transferee courts that feel entirely free to revisit transfer decisions . . . threaten to send litigants into a vicious circle of litigation." *Id.* (citations omitted). Here, of course, there is no transferee court. Worse, Plaintiffs ignored this Court's guidance that California may be an appropriate forum, Ex. B (*Lynn,* 2024 WL 2852536, at *1 (Bryan, J.)), and just re-filed in the same court.

Even if Judge Eskridge's venue order *did not* govern this case (it does), the result is the same—the venue analysis has not changed. Venue for a civil action in federal court is proper in: (1) the district where any defendant resides if all defendants are residents of the state in which the

---

[5] Notably, in addition to the venue problems, Judge Bryan found that "[s]everal claims asserted in the Complaint appear subject to dismissal **pursuant to Federal Rule 12(b)(1) and/or 12(b)(6)**." Ex. B (*Lynn v. Kaiser Found. Health Plan, Inc.*, No. 4:24-CV-00935, 2024 WL 2852536, at *1 (S.D. Tex. Apr. 25, 2024) (Bryan, J.)).

[6] Of course, this suit is not technically the same civil action as Plaintiffs' prior suit in this Court on the same facts, *see* Ex. A (*Lynn,* No. 4:24-CV-00935, 2024 WL 2855465), but it should be treated as such. Plaintiffs re-filed the **same claims** against the **same JAMS Defendants**. Regardless, under *Quicksilver,* the "***[p]rinciples*** of law of the case should be applied . . . in venue disputes" like this one. 2008 WL 3165745, at *5. Those principles should only apply with more force here, where Plaintiffs ignored this Court's guidance, refused to change venue, and instead re-filed the same claims in the same court.

4

district is located; (2) the district in which a substantial part of the events or omissions giving rise to the claims occurred; or (3) if there is no district in which an action may otherwise be brought, in a district in which any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b).

As recommended by Judge Bryan and adopted by Judge Eskridge:

> It is clear from the Complaint that ***not all, if any, of the Defendants (many of whom are individuals) are residents of Texas***. . . . It is also clear from the Complaint that ***none of the events giving rise to Plaintiffs' claims occurred in Texas***. . . . In fact, in filings in California state court, filed here as "Exhibits," Plaintiffs alleged that "the acts giving rise to this lawsuit... occurred in the Court's jurisdictional area." . . . . Further, as is evident from the pleadings filed as Exhibits referenced in the prior sentence, ***Plaintiffs could have filed this case in California***. . . . Therefore, ***the Southern District of Texas, Houston Division, is not a proper venue for this civil action under 28 U.S.C. § 1391***.

Ex. B (*Lynn,* No. 4:24-CV-00935, 2024 WL 2852536 (S.D. Tex. Apr. 25, 2024), *report and recommendation adopted,* No. 4:24-CV-00935, 2024 WL 2855465 (S.D. Tex. June 5, 2024)).

None of the facts underlying those three findings have changed. Plaintiffs again sue, for example, the same arbitrator, Judge Nakamura (Ret.), who is a California resident (and Plaintiffs do not allege differently), and the State of California, County of Orange. *See* Sep. 30, 2025 First Amd. Compl. [ECF No. 38] at Caption. Plaintiffs' claims arise entirely from the underlying "arbitration in California," *id.* at ¶¶4(a), 5(g), 26, 28-29, which had mostly concluded in California before this Court's previous venue dismissal. No "substantial" events or omissions have occurred since, nor do Plaintiffs allege otherwise. And, as before—assuming Plaintiffs *had* cognizable claims on these facts (they do not)—they could have filed suit in California, where a "substantial part" of the events or omissions giving rise to these claims occurred. *See id.* at ¶¶4-5, 16, 19, 23, 26, 28. Just as in 2024, Plaintiffs fail to meet any of § 1391(b)'s requirements to establish proper venue in this Court. The claims should be dismissed even without this Court's prior order. FED. R. CIV. P. 12(b)(3).

5

Plaintiffs assert—incorrectly—that their First Amended Complaint presents certain "new facts" that distinguish this case from the identical matter that this Court already dismissed on venue grounds in 2024. First Amd. Compl. ¶¶5-7. Plaintiffs list several purported administrative details regarding the manner in which service of process was made on certain Defendants and the terms of Plaintiffs' fee agreements with their counsel. *Id.* None of these allegations relate to the underlying dispute nor the venue analysis, which turns on where "a substantial part of the events or omissions ***giving rise to the claims*** occurred." 28 U.S.C. § 1391(b) (emphasis added); *see also* Ex. B (venue analysis). Nor do they affect JAMS Defendants' arbitral immunity defense set forth below. And nor do they do anything to lift Plaintiffs' purported right to relief "above the speculative level." *Norris v. Hearst Tr.*, 500 F.3d 454, 464 (5th Cir. 2007).

## II. The Claims Should Be Dismissed *With Prejudice* Because JAMS Defendants Are Immune From Suit.

Independent of the venue analysis, the claims against JAMS Defendants should be dismissed *with prejudice*, as they cannot be brought in any venue.[7] JAMS, Inc. is a provider of alternative dispute resolution services, which administers arbitrations and provides qualified arbitrators for the same. Here, Plaintiffs assert claims against JAMS Defendants for acts directly within the scope of the JAMS arbitral process. Plaintiffs concede that all of their claims arise from the underlying "[p]rivate [a]rbitration between Plaintiffs [and] Kaiser." *See, e.g.*, Sep. 30, 2025 First Amd. Compl. [ECF No. 38] at ¶4(a) (claims re: arbitration agreement and dismissal arise from arbitration); *see also, e.g., id.* at ¶4(b) (conspiracy and Sherman Act claims arise from arbitration); *id.* at ¶19 (fraud claim arises from arbitration); *id.* at ¶¶28-29 (civil rights claims arise

---

[7] A court may dismiss claims *with prejudice* where "in addition to venue being improper, [the] claims would almost certainly be barred" on other independent grounds. *McClintock v. Sch. Bd. E. Feliciana Par.*, 299 F. App'x 363, 366 (5th Cir. 2008) (dismissing claims for improper venue with prejudice where claims also time-barred).

from arbitration). Plaintiffs further concede that "[t]he neutral arbitration organization is JAMS," whose arbitrator "Kirk. H. Nakamura, presided over the arbitration." *Id.* at ¶4(a).[8]

As an organization that sponsors arbitrations, ***JAMS, its employees, and its arbitrators*** are "immun[e] from civil liability . . . with regard to the tasks that they perform that are integrally related to the arbitration." *Jason*, 62 F. App'x at 557; *Wartsila*, 387 F. Supp. 3d at 721. Arbitral immunity covers *"**all acts*** within the scope of the arbitral process and covers both ***individual arbitrators and their sponsoring organizations***." *Texas Brine*, 2018 WL 5773064, at *2, *aff'd sub nom. Texas Brine*, 955 F.3d 482 (5th Cir. 2020). As such, JAMS, Inc., its employee and case administrator Ms. Jhang, and Judge Nakamura, are each immune from suit and Plaintiffs' claims against them must be dismissed. *Loop v. Washington*, No. C24-0669-KKE, 2024 WL 3728382, at *3 (W.D. Wash. Aug. 8, 2024) (dismissing claims against JAMS and its arbitrator on arbitral immunity grounds); *Patten v. Johnson*, 429 S.W.3d 767, 775, 780-81 (Tex. App.—Dallas 2014, pet. denied) (affirming dismissal of claims against JAMS on arbitral immunity grounds).

It should be noted that Plaintiffs—represented by their current counsel—*demanded* the underlying arbitration and *voluntarily submitted to it*. *See, e.g.*, Mar. 18, 2024 Suppl. Exs., Cause No. 4:24-CV-00935 [ECF No. 6] at Doc. 6-2 (Mr. Zamora stating "my clients are serving four demands for arbitration"); Mar. 13, 2024 Suppl. Exs., Cause No. 4:24-CV-00935 [ECF No. 2] at 1 (Pls' Demand for Arbitration with Hon. Kirk Nakamura). Plaintiffs cannot argue that JAMS Defendants were acting in "clear absence" of jurisdiction when Plaintiffs themselves requested

---

[8] Plaintiffs also bring claims against Kaiser's Office of the Independent Administrator ("OIA"). While the OIA administers arbitrations, like this one, brought pursuant to Kaiser Foundation Health Plan, Inc.'s members' contracts in California, the participating parties select their arbitrator from OIA's panel, which includes JAMS arbitrators. *See* SYSTEM DESCRIPTION, Kaiser Permanente Member Arbitrations Administered by the Office of the Independent Administrator, available at: https://oia-kaiserarb.com/uploadedfiles/system-description.pdf; *United States v. Flores,* 730 F. App'x 216, at 219 n.1 (5th Cir. 2018) (Court may take judicial notice of webpage). Here, JAMS arbitrator Hon. Kirk H. Nakamura was appointed and presided over the arbitration.

and submitted to this very arbitration with a JAMS arbitrator. *See* Sep. 30, 2025 First Amd. Compl. at ¶¶29-31.

### III. In Any Event, Plaintiffs Fail to State a Claim.

Plaintiffs' claims are also properly dismissed for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Plaintiffs' allegations against JAMS Defendants are exactly the sort of conclusory statements, bare assertions, and misstatements that Rule 12(b)(6) is designed to screen. *See, e.g.*, Sep. 30, 2025 First Amd. Compl. at ¶26 (naked conclusion that Arbitrator Nakamura "deprive[d] the Plaintiff's civil rights"); *id.* ¶27 (mere recitation of the text of §1983); *id.* ¶28 (improperly asserting Plaintiffs have a "civil right[] to have won the . . . arbitration"); *id.* at ¶28 (claim that Plaintiffs have a civil right to attorneys' fees); *id.* at Appx. 106A-107A (alleging "fraud" and "corruption" because the arbitrator "den[ied Plaintiffs'] request to dismiss the arbitration" and because "all Defendant JAMS [arbitration] rulings [were] made for Defendant Kaiser").

These are not the sort of "well-pleaded facts" that the Court must consider true at the pleadings stage. *Armstrong*, 60 F.4th at 269. These are fanciful and illogical allegations that fail to meet Rule 12(b)(6) and *Twombly*'s "speculative" bar. Even without the venue and immunity problems—each of which require dismissal independently—Plaintiffs' claims must be dismissed for failure to state a plausible claim.

### Conclusion

For the reasons above, JAMS Defendants respectfully request that this Court dismiss Plaintiffs' claims against JAMS Defendants with prejudice. JAMS Defendants request all further relief to which they are justly entitled.

Dated:  October 21, 2025

**GIBBS & BRUNS, LLP**

*/s/ Anthony N. Kaim*
Anthony N. Kaim
*Attorney-In-Charge*
Federal ID No. 1078087
State Bar No. 24065532
akaim@gibbsbruns.com
Peter J. McDonald
*Of Counsel*
Federal ID No. 3687674
State Bar No. 24116738
pmcdonald@gibbsbruns.com
1100 Louisiana, Suite 5300
Houston, Texas 77002
Telephone: (713) 650-8805
Facsimile: (713) 750-0903

***Attorneys for Defendant JAMS, Inc., Hon. Kirk H. Nakamura, and Mirra Jhang***

**Certificate of Conference**

Pursuant to this Court's Civil Procedure 7(P), counsel for JAMS Defendants contacted Plaintiffs' counsel via email and telephone in August 2025 to discuss the pleading deficiencies enumerated herein. The parties have not reached agreement as to any permissible amendment and nor do JAMS Defendants believe any such amendment is possible, as the defects enumerated herein are not curable.

*/s/ Peter J. McDonald*
Peter J. McDonald

**Certificate of Service**

Pursuant to LR5.3 and Fed. R. Civ. P. 5(b), undersigned counsel certifies that this document was served via ECF/CMF delivery on October 21, 2025.

*/s/ Peter J. McDonald*
Peter J. McDonald