UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| PAMELA LYNN, WILSON LYNN, JR.,<br><br>    Plaintiffs,<br><br>vs.<br><br>JAMS ADR, Defendants Foundation Health Plan, Inc.; Kaiser Foundation Hospitals; Southern California Permanente Medical Group; Roberto Barreto, M.D.; Albert Sung-Un Jin, M.D.; Andrew Giap, M.D.; Kelvin Nguyen, M.D.; Srilakshmi Moturo, M.D.; Marc Davison, M.D.; Gavin Jonas, M.D.; and Julio Vaquerano, M.D. are collectively referred to herein as the "Kaiser Parties.", et al.<br><br>    Defendants. | CIVIL ACTION NO: 4:25-cv002465 |

**KAISER FOUNDATION HEALTH PLAN, INC., KAISER FOUNDATION HOSPITALS AND SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' FIRST-AMENDED COMPLAINT**

COOPER & SCULLY, P.C.

/S/ *Derek S. Davis*
Derek s. Davis (TBN: 00793591)
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: (214) 721-9500
Facsimile: (214) 712-9540
Email: Derek.Davis@cooperscullycom

Attorney for Defendant:
Foundation Health Plan, Inc.;
Kaiser Foundation Hospitals;
Southern California Permanente Medical Group;

## I. INTRODUCTION

Defendants Kaiser Foundation Health Plan, Inc.; Kaiser Foundation Hospitals and Southern California Permanente Medical Group (collectively, the "Kaiser-Affiliated Defendants") respectfully submit this Motion to Dismiss Plaintiffs First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and (b)(3). Plaintiffs' First Amended Complaint makes no substantive changes to jurisdictional or venue facts, and nothing about the amended complaint establishes venue or jurisdiction in this matter. The Kaiser-Affiliated Defendants respectfully move to dismiss plaintiffs' claims for these reasons and for the additional bases set forth below. This action is one of many duplicative proceedings Plaintiffs have filed in an attempt to relitigate issues that arose out of Ms. Lynn's medical treatment in California beginning in 2019 and subsequent arbitration proceedings in California before retired JAMS arbitrator Hon. Kirk H. Nakamura. Every alleged event at issue occurred in California, yet Plaintiffs have again filed suit in the Southern District of Texas, which is a forum that has no real connection to the underlying dispute. Plaintiffs previously brought an almost identical action in this Court in *Lynn v. Kaiser Foundation Health Plan of Colorado, et al.*, No. 4:24-cv-00935, which was dismissed for improper venue. Plaintiffs also pursued arbitration, filed seven separate lawsuits in California state court, and attempted to file before the U.S. Supreme Court, all without success.

The present Complaint fares no better. Venue in this District is improper under 28 U.S.C. § 1391, the Court lacks personal jurisdiction over the Kaiser Parties. Additionally, Plaintiffs' claims are time-barred by the applicable statutes of limitations. Therefore, this matter should be dismissed in its entirety and with prejudice.

## II. STATEMENT OF FACTS

Plaintiffs' allegations against the Kaiser Parties center on two categories of events: (1) the medical treatment Ms. Lynn allegedly received from Kaiser providers beginning in 2019, and (2)

the subsequent arbitration proceeding in California, presided over by retired JAMS arbitrator Hon. Kirk H. Nakamura which addressed Plaintiffs' negligence and malpractice claims[1].

Plaintiffs acknowledge that the care at issue was rendered in California by Kaiser-affiliated Defendants. They further allege that the arbitration of those claims likewise took place in California[2]. Plaintiffs nevertheless attempt to relitigate those same issues in this Court.

Plaintiffs' filing history underscores that this lawsuit is duplicative. They admit that they have previously filed multiple proceedings in various forums attempting to assert the same claims against Kaiser and related parties[3]. Most notably, on March 13, 2024, Plaintiffs filed suit in the Southern District of Texas against the same twenty-six defendants named in this action, in *Lynn v. Kaiser Foundation Health Plan of Colorado, et al.*, No. 4:24-cv-00935 (the "First Southern District Lawsuit")[4]. In that earlier action, Plaintiffs alleged state-law tort claims and purported violations of various federal statutes arising out of the same 2019 medical treatment and subsequent California arbitration.

On April 25, 2024, United States Magistrate Judge Christina A. Bryan issued a Memorandum and Recommendation sua sponte, recommending dismissal of the First Southern District Lawsuit. Judge Bryan found it evident on the face of Plaintiffs' pleading that none of the Defendants resided in Texas, none of the events giving rise to the claims occurred in Texas, and that the action could have been filed in California[5]. Judge Bryan also noted that the claims appeared to be time-barred by the statute of limitations[6].

On June 5, 2024, United States District Judge Charles Eskridge entered an order adopting the Memorandum and Recommendation in full[7]. That same day, the Court entered final judgment dismissing Plaintiffs' complaint without prejudice[8].

---

[1] Exhibit A-Plaintiffs' Complaint [Exhibit A of Plaintiffs' Complaint, at pg. 55A]
[2] *Id* at 51–52, 8, 139–141, and 294–295
[3] *Id* at 1-6.
[4] Exhibit B - Plaintiffs' First Southern District Lawsuit Complaint
[5] Exhibit C-Memorandum and Recommendation
[6] *Id* at 2–3
[7] Exhibit D-Order Adopting Memorandum and Recommendation
[8] Exhibit E-Final Judgment

Despite representations to the contrary, Plaintiffs" First-amended Complaint[9] fails to assert any new facts to establish jurisdiction or venue in this District. Plaintiffs have failed to cure the jurisdictional, venue, or timeliness defects identified in the prior dismissal.

### III. VENUE IS IMPROPER (Rule 12(b)(3))

Venue in federal civil actions is narrowly defined by 28 U.S.C. § 1391(b). A case may only be brought in (1) the district where a defendant resides, if all defendants reside in the same state; (2) the district where a substantial portion of the events giving rise to the claims occurred; or (3) if no other district is available, in any district where a defendant is subject to personal jurisdiction[10]. Additionally, for purposes of § 1391, a corporate defendant shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced[11]. None of these provisions are satisfied here.

Firstly, none of the Kaiser-Affiliated Defendants reside in Texas. Kaiser Foundation Health Plan, Kaiser Foundation Hospitals, and Southern California Permanente Medical Group are all incorporated and headquartered in California.

Secondly, all of the events giving rise to Plaintiffs' claims, including the medical treatment, the arbitration proceedings, and the alleged misconduct, occurred in California as per the Plaintiffs' Complaint[12]. The only reference to Texas in the Complaint concerns Plaintiffs' fee agreement with their attorney, who happens to practice in this state[13]. That private arrangement does not involve the Kaiser-Affiliated Defendants, nor do Plaintiffs allege otherwise. Accordingly, venue cannot be established under § 1391(b)(2).

Furthermore, this Court has already determined that the Southern District of Texas is not a proper venue for Plaintiffs' claims, and Plaintiffs are collaterally estopped and bound by the law of the case doctrine from relitigating that issue here. Under the law of the case doctrine, "when a

---

[9] Exhibit F – Plaintiff's First Amended Complaint
[10] 28 U.S.C. § 1391(b)
[11] 28 U.S.C. § 1391(d)
[12] Exhibit A-Plaintiffs' Complaint at 51–52, 8, 139–141, and 294–295
[13] *Id* at v and 29

court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case.[14]" The doctrine applies "with even greater force" to venue determinations, because finality is essential to prevent repetitive venue disputes that delay adjudication of substantive claims[15].

Plaintiffs' present complaint is materially indistinguishable from Plaintiffs' First Southern District Lawsuit Complaint. It again names the same California-based defendants, challenges the same medical treatment and subsequent arbitration proceedings which all occurred in California. Plaintiffs allege no new facts that would change the venue analysis under 28 U.S.C. § 1391(b). As in 2024, this Court remains an improper forum. Dismissal is warranted under Rule 12(b)(3).

## IV. MOTION TO DISMISS UNDER RULE 12(b)(2)

### A. Standard of Review Under Rule 12(b)(2)

Federal Rule of Civil Procedure 12(b)(2) permits dismissal where the court lacks personal jurisdiction over a defendant[16]. The Plaintiff bears the burden of establishing jurisdiction[17], and personal jurisdiction must be analyzed individually for each defendant[18]. In making this determination, the Court is not limited to the allegations in the complaint; it may consider affidavits, interrogatories, depositions, oral testimony, or any combination of discovery methods[19].

To exercise personal jurisdiction, two conditions must be satisfied: (1) the defendant must be amenable to service of process under Texas's long-arm statute, and (2) the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment[20]. Because Texas's long-arm statute extends to the limits of due process, only the due process inquiry is required[21]. Due process requires that a defendant (1) have sufficient minimum contacts with the

---

[14] *Quicksilver Res., Inc. v. Eagle Drilling, LLC*, No. H-08-868, 2008 WL 3165745, at *5 (S.D. Tex. Aug. 4, 2008) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, 819 (1988)).
[15] *Id.*; see also *United States v. Petty*, 834 F. App'x 107, 108 (5th Cir. 2021) (per curiam).
[16] *Allstate Ins. Co. v. Interline Brands, Inc.*, 997 F.Supp.2d 501, 505 (N.D. Tex. 2014).
[17] *Frito-Lay North America, Inc. v. Medallion Foods, Inc.*, 867 F.Supp.2d 859, 864 (E.D. Tex. 2012)
[18] *Evergreen Media Holdings, LLC v. Safran Co.*, 68 F. Supp. 3d 664, 671 (S.D. Tex. 2014)
[19] *Quick Technologies, Inc. v. Sage Group, PLC*, 313 F.3d 338, 343 (5th Cir. 2002).
[20] *Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992)
[21] *Id.* at 1067–68 (citing, inter alia, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990))

forum state such that it should reasonably anticipate being hailed into court there, and (2) that exercising jurisdiction comports with traditional notions of fair play and substantial justice. The "minimum contacts" requirement may be satisfied by either specific or general jurisdiction. Specific jurisdiction is confined to cases where the claims arise from or relate to the defendant's contacts with the forum, while general jurisdiction exists only when the defendant's contacts are so continuous and systematic as to render it essentially "at home" in the forum[22].

**B. Plaintiffs Cannot Establish Specific Personal Jurisdiction**

The Fifth Circuit applies a three-step analysis to determine specific jurisdiction: (1) whether the defendant purposefully directed its activities at the forum state or availed itself of the privilege of conducting activities there; (2) whether the cause of action arises out of or relates to the defendant's forum-related contacts; and (3) whether the exercise of jurisdiction would be fair and reasonable[23].

Here, Plaintiffs fail to establish any basis for specific jurisdiction over the Kaiser-Affiliated defendants. Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and the Southern California Permanente Medical Group are headquartered and operate in California. Plaintiffs' claims arise entirely from alleged medical treatment rendered in California and arbitration proceedings conducted in California. Plaintiffs do not allege that any of the Kaiser-Affiliated Defendants purposefully directed activities toward Texas, provided treatment in Texas, or otherwise availed themselves of the privileges of conducting business here. The Kaiser-Affiliated Defendants' alleged conduct occurred exclusively in California, and none of the Plaintiffs' claims arise from Texas contacts, therefore Court lacks specific personal jurisdiction.

**C. Plaintiffs Cannot Establish General Personal Jurisdiction**

Furthermore, Plaintiffs also cannot establish general jurisdiction. General jurisdiction requires contacts that are "continuous, systematic, and substantial," far exceeding those necessary

---

[22] *Spir Star AG v. Kimich,* 310 S.W.3d 868, 872 (Tex. 2010)
[23] *Ethridge v. Samsung SDI Co.*, 23-40094-CV0 (5th Cir. 2025)

for specific jurisdiction[24]. It exists only when a defendant is essentially "at home" in the forum state, which is ordinarily the place of incorporation or principal place of business[25].

Plaintiffs make no reference that any Kaiser entity is incorporated in Texas or maintains its principal place of business in Texas. Furthermore, the physicians involved with the Kaiser-affiliated defendants who provided the Plaintiffs' care practice medicine in California, not Texas. As such, Plaintiffs' Complaint concedes that all treatment and arbitration proceedings occurred in California. Vague assertions of conspiracy affecting a Texas-based attorney are insufficient to establish the pervasive contacts required for general jurisdiction. The Kaiser-Affiliated Defendants are not "at home" in Texas and lack continuous and systematic contacts with the forum therefore this Court cannot exercise general jurisdiction.

## VI. PLAINTIFFS' CLAIMS ARE BARRED BY THE APPLICABLE STATUTES OF LIMITATIONS

Plaintiffs' claims are time-barred under California law. In dismissing Plaintiffs' prior action, Judge Bryan expressly observed that "the events alleged in the Complaint as the basis for Plaintiffs' claims occurred beginning in August 2019, raising the possibility that they are time-barred" [26].California law governs here because Plaintiffs themselves allege that the underlying medical care and subsequent arbitration occurred in California. Under the California Code of Civil Procedure, professional negligence actions against health-care providers must be commenced within one year, and in no event later than three years, after the date of injury[27]. Additionally, personal injury torts such as assault, battery, and related claims must be filed within two years[28]. Plaintiffs allege that the care at issue occurred in 2019, yet they did not commence this action until 2025, which is beyond the applicable limitation periods. Furthermore, Plaintiffs' repeated refiling

---

[24] *Daimler AG v. Bauman,* 134 S.Ct. 746, 760 (2014); *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S. Ct. 1868 (1984).
[25] *Id.; Id.; Goodyear*, 564 U.S. at 919.
[26] Exhibit C-Memorandum and Recommendation at 3
[27] California Code of Civil Procedure § 340.5
[28] California Code of Civil Procedure § 335.1

7 | Page 12(b)(6) Motion to Dismiss

of substantially identical claims in multiple forums does not toll the limitations period[29]. Accordingly, the Plaintiffs' claims are barred by the statute of limitations.

## VIII. CONCLUSION

For the foregoing reasons the Kaiser-Affiliated Defendants respectfully pray that this Court grant this Motion to Dismiss, dismiss with prejudice all claims asserted against the relevant Defendants in their entirety. Given Plaintiffs' repeated and unsuccessful attempts to relitigate these same allegations across multiple forums, dismissal with prejudice is particularly warranted here to prevent further duplicative and harassing litigation.

Respectfully submitted,

COOPER & SCULLY, P.C.

By: /s/ *Derek S. Davis*
    DEREK S. DAVIS
    Texas Bar No. 00793591
    Email: derek.davis@cooperscully.com
    900 Jackson Street, Suite 100
    Dallas, Texas 75202
    Tel: 214-712-9500; Fax: 214-712-9540

ATTORNEYS FOR DEFENDANTS:
Foundation Health Plan, Inc.;
Kaiser Foundation Hospitals;
Southern California Permanente Medical Group;

## CERTIFICATE OF CONFERENCE

Pursuant to this Court's Civil Procedure 7(P), counsel for Defendant Office of the Independent Administrator contacted plaintiff's counsel via telephone on October 13, 2025 to discuss the Rule 12(b)(6) pleading deficiencies enumerated herein, and have not been able to reach an agreement. Kaiser -Affiliated Defendants believe no amendments will be forth coming and further do not believe the defects enumerated herein are curable.

/s/ *Derek S. Davis*
    DEREK S. DAVIS

---

[29] *Fong v. West Coast United Co.* (1990) 225 Cal.App.3d 240, 246

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of October, 2025, a true and correct copy of the foregoing document was served on counsel of record *via* the Court's ECF Filing service.

                                          /s/ *Derek S. Davis*
                                          DEREK S. DAVIS