**Civil Action No. 25-2465**
_____

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**
_____

PAMELA LYNN AND WILSON LYNN, JR., PLAINTIFFS
vs.
JAMS ADR, INC. ET. AL., DEFENDANTS
_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS DOCKET NOS. 44, 45, &
46, INCLUDING REQUEST FOR LEAVE OF
COURT TO MOTION FOR SANCTIONS UNDER
FRCP 11 AGAINST THE DEFENDANTS**
_____

Steven Zamora, Esq.
9450 Pinecroft Dr., Unit 9834
The Woodlands, TX 77380
stevenzamora@beforeabrahamwas-iam.org
(858) 382-1064
State Bar of Texas License #24120410

1. Plaintiffs hereby incorporate by reference their Opposition (Docket No. 43) in Response to Defendants Motion to Dismiss (Docket No. 39) and make it a part of this Opposition to Defendants' Motions to Dismiss under Docket Nos. 44, 45, and 46 in order to assert the same or similar arguments therein, so that Sr. Judge Hanen can judiciously stricken partially and deny in all totality with prejudice all these Defendants' Motions to Dismiss since Plaintiffs are not here to waste this courts time with duplicative filings by copying and pasting the same language for three oppositions.

2. In addition, Plaintiffs argue that the Defendants Motions do not comply with FRCP Rule 11 and are being used only to delay the Plaintiffs plight for Justice against them, including a three day jury trial, and due to this, Plaintiffs seek leave of this court to motion for sanctions against the Defendants due to their reliance on duplicative filings previously denied in Docket No. 41 by Sr. Judge Hanen.

3. Moreover, your Honor, there is no need to quote Polonius again in Act 2, Scene 2 of Hamlet as the Plaintiff in their Opposition to Defendants new Motions to Dismiss prefer to get straight to the brass tacks since life on earth is short when compared to eternity in heaven. Therefore, let this filing of one Opposition for three motions be another sight for sore, but wide open eyes.

4. Plaintiff make the following updates to Docket No. 43 language in order to bring brevity to this court in their opposition to the Defendants who authorized these filings:

   a. 1.a. (Page 1), the reference for new factual and legal arguments presented in the Defendants Motions' according their appearance by page number are now as follows:

- 1 -

i. For Defendant Kaiser legal entities:

1. Page 1 removes Mr. Davis' legal representation for these Defendants: Roberto Barreto, M.D.; Albert Sung-Un Jin, M.D.; Andrew Giap, M.D.; Kelvin Nguyen, M.D.; Srilakshmi Moturo, M.D.; Marc Davison, M.D.; Gavin Jonas, M.D.; and Julio Vaquerano, M.D.

2. Page 2 in the Introduction adds a legal conclusory statement "Plaintiffs First Amendment Complaint makes no substantive changes…"

3. Page 4 in the Statement of Facts add a legal conclusory statement "…Despite representations to the contrary, Plaintiffs First-amended Complaints fails to assert any new facts…"

4. Page 8 mixes Defendants OIA and Kaiser – Affiliated Defendants in the Certificate of Conference.

ii. For Defendant OIA:
1. Page 1 mirrors i.2. above.
2. Page 4 exchanges Defendant Kaiser-Affiliated entities with Defendant OIA.
3. Page 6 adds "It exists only when a defendant is essentially "at home"…"
4. Page 7 adds "…of substantially identical claims in multiple forums does not toll the limitations period…"

iii. For Defendant JAMs ADR:

1. Page 3 adds in the footnote "Plaintiffs further allege that they may refile claims…"
2. Page 4 adds in the footnote "Notably, in addition to the venue problem…"
3. Page 7 adds "Plaintiffs assert incorrectly that their First Amended Complaint presents certain "new facts" that distinguish this case…"
4. Page 7 adds "Plaintiffs list several purported administrative details regarding the manner in which service of process was made…"
5. Page 7 adds "A court may dismiss claims with prejudice where…*McClintock v. Sch. Bd*…"
6. Page 8 adds in the footnote "Plaintiffs also bring claims against Kaiser's Office of the Independent Administrator…"

b. 1.b. (Page 1), no change.

c. 1.c. (Pages 1 & 2), the reference to the Defendants Docket Nos. 17 and 38 are now changed to the following:

    i. For the three Defendant Kaiser legal entities, 18 and 45.
    ii. For Defendant OIA, 26 and 46
    iii. For Defendant JAMs ADR, 12 and 44.
        1. (Note, per Docket No. 41, Plaintiffs deduce this motion was stricken.)

d. 1.d. (Page 2), no change.

e. 1.e. and 1.f. (Pages 2 and 3) change only the following to 1.e:

- 3 -

             i. Defendants Kaiser legal entities, OIA, and JAMs ADR all authorized and assented to Kaiser hired Law Firm, La Follete and their lawyers, Brian Meadows and Myra Firth, and legal assistant, Mitzi Thomas, unilateral upload of the Plaintiffs Superior Court of California cases without a signed arbitration agreement.

      f. 1.g. (Page 3), no change.

      g. 1.h. (Page 3), Plaintiffs remove this argument in respect of Sr. Judge Hanen's Order in Docket No. 48 and will await this courts' ruling on the outcome of these Defendants Motions to Dismiss.

5. Due to 4. above, this court shall: 1) stricken these portions of the Defendants Motion to Dismiss for failing to comply with Cour Rule 7 requirement to meet and confer before adding new factual and legal arguments to their Motions; and 2) deny in totality the Defendants' Motions to Dismiss.

6. FRCP 11 states:

      a. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

             i. Defendants have brought these motions twice now. In total, Plaintiffs are forced to oppose eight motions to dismiss brought by the Defendants.

(1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

    i.   Defendants have brought these motions after having their original motions to dismissed denied by Sr. Judge Hanen in Docket No. 41, and were instructed to file whatever response to the First Amended Complaint they choose, which included a motion to dismiss subject to FRCP 11 compliance or an answer to the Complaint. These motions are duplicative and repeat a majority of their original arguments in their first motions, so the motions duplicative arguments are now being weaponized to harass, cause unnecessary delay, or needlessly increase the cost of litigation. This is because the Defendants did not comply with Court Rule 7 meet and confer requirement nor are their duplicative arguments, and even new arguments if stricken by this court, presenting a new way to dismiss the Plaintiffs First Amended Complaint. Again, Defendants original motions to dismiss were not persuasive per Docket No. 41.

(2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

- 5 -

        i.     Due to (1)i. above, this element is met.

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

        i.     Due to (1)i. above, this element is met.

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

        i.     Due to (1)i. above, this element is met.

Also, Rule [11] is intended to deter frivolous suits, not to deter novel legal arguments or cases of first impression. Laborers Local 938 Joint Health & Welfare Trust Fund v. B.R. Starnes Co., 827 F.2d 1454, 1987 U.S. App. LEXIS 12535 (11th Cir. 1987). In addition, [the] main purpose of FRCP 11 is to deter frivolous claims and curb abuses of legal system, thereby speeding up and reducing costs of litigation. Binghamton Masonic Temple v. Bares, 168 F.R.D. 121, 1996 U.S. Dist. LEXIS 10271 (N.D.N.Y. 1996).

Here, Plaintiffs have filed claims which have not been adjudicated on their merits to allow Due Process to occur, and this court has been obedient to this constitutional procedural and substantive due process rights guaranteed by the 5th and 14th amendments. Plaintiffs applaud Sr. Judge Hanen and Magistrate Judge Peter Bray for not acting Sua Sponte like their colleagues who lack the seniority. Further, the Defendants two motions to dismiss are deterring novel legal or cases of first impression against the Defendants' arbitration

system which the Plaintiffs argue violates the Sherman Act inter alia. This deterrence through abusive motion filing is to avoid a three day jury trial in December 2026 has not sped up and reduced costs of litigation. Simply put, the Defendants do not want the Plaintiffs to have their three day jury trial and their motion practice is direct opposition to FRCP 11 and Stare Decisis.

Furthermore, Jesus stated the Golden Rule: Do onto others what you want done onto you. In this case, the Defendants use terminating sanctions against the Plaintiffs, their Counsel of Record, and Co-Counsel when there was no signed arbitration agreement, which has been alleged to have violated the Plaintiffs Civil Rights and the California Health & Safety code, but not limited to. Now, the Plaintiffs are seeking leave of this court to motion for sanctions of the Defendants under FRCP 11 and Stare Decisis, which is in compliance with the law, not a circumvention of the law as the Plaintiffs allege the Defendants did in continuing the arbitration when knowing there was no signed arbitration agreement, and this resulted in terminating sanctions.

Therefore, Plaintiffs respectfully ask this court to grant their request for leave to move for sanctions against the Defendants as supported by FRCP Rule 11 and Stare Decisis.

7. If allowable, Counsel of Record ask leave of this court to recover his legal fees for seven hours spent in constructing this opposition or as Sr. Judge Hanen determines.

Dated: November 06, 2025

Before Abraham was, I AM

By:    /s/Steven Zamora, Esq. for JESUS
        Steven Zamora, Esq.

9450 Pinecroft Dr. Unit 9834
The Woodlands, TX 77380
Mobile:        (858) 382-1064
E-mail:        stevenzamora@beforeabrahamwas-
iam.org

Counsel of Record for the Lynns