United States District Court
Southern District of Texas
**ENTERED**
February 25, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA LYNN, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-2465 |
| | § | |
| JAMS ADR, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## ORDER

Pending before this Court are Plaintiffs Pamela Lynn and Wilson Lynn, Jr.'s ("Plaintiffs") Motions for Joinder (Doc. Nos. 42, 43), Defendants La Follette, Johnson, Dehaas, Fesler & Ames, Brian Meadows, Myra Firth, and Mitzi Thomas's (collectively, "Kaiser Legal Representation") Motion to Dismiss (Doc. No. 39), Defendants JAMS, Inc., Kirk Nakamura, and Mirra Jhang's (collectively, the "JAMS Defendants") Motion to Dismiss (Doc. No. 44), Defendants Kaiser Foundation Health Plan, Inc., Kaiser Foundation Hospitals, and Southern California Permanente Medical Group's (collectively, the "Kaiser Defendants") Motion to Dismiss (Doc. No. 45), and Defendant Office of the Independent Administrator's ("OIA") Motion to Dismiss (Doc. No. 46). The Court is also in receipt of all responses and replies. (Doc. Nos. 47, 49–53). After close review of the pleadings and relevant legal standards, the Court hereby **GRANTS** the Motions to Dismiss (Doc. Nos. 39, 44–46) and **DISMISSES** this case without prejudice for improper venue.

### I.     Factual Background

This case arises from hospital treatment and subsequent arbitration proceedings in California. Plaintiffs live in California. (Doc. No. 38-2 at 91). In 2019, Pamela Lynn was allegedly hospitalized for treatment of "issues relating to her esophagus and digestion" in a California

hospital owned and operated by Kaiser. (*Id.*). Plaintiffs allege that the Kaiser Defendants negligently treated Mrs. Lynn, resulting in long-term damage to her chest and abdomen. (*Id.*). At some point after the alleged medical treatment, the Plaintiffs engaged in an arbitration proceeding in California with the Kaiser Defendants. (Doc. No. 38 at 4). The arbitration proceeding was conducted by the JAMS Defendants—an organization that specializes in mediations, arbitrations, and alternative dispute resolution. (*Id.*). Ultimately, the claims brought in the arbitration proceeding were dismissed without prejudice. (*Id.*).

In this case, Plaintiffs assert a wide variety of claims against 27 Defendants, many of whom are individuals, including the Kaiser Defendants, individual doctors, the JAMS Defendants, and the attorneys that represented Kaiser in the arbitration. These include claims such as medical malpractice, battery, breach of fiduciary duty, federal conspiracy, violation of equal protection and substantive and procedural due process rights under the Fourteenth Amendment. *See generally* (*id.*). The Plaintiffs, however, are not raising these claims for the first time. In the First Amended Complaint, Plaintiffs set forth the seven different lawsuits that were filed in the Superior Court of California. (*Id.*). Each of those cases were dismissed. (*Id.*). Plaintiffs also admit that this is the second (virtually identical) case filed in this District. (*Id.*). The previous case filed in this District was dismissed without prejudice for improper venue. *Lynn v. Kaiser Foundation Health Plan, Inc.*, No. 4:24-CV-0935, 2024 WL 2852536 (S.D. Tex. Apr. 25, 2024), *report and recommendation adopted*, 2024 WL 2855465 (S.D. Tex. Jun. 5, 2024). Plaintiffs have even twice attempted to raise these claims (with no success) in the Supreme Court of the United States. *See* (Doc. Nos. 38-2, 54).

The Defendants that have been served and have appeared in this lawsuit have requested this Court to dismiss the case for several reasons, including improper venue, theories of immunity,

statute of limitations, lack of personal jurisdiction, and the failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Finding that this District is the improper venue for this litigation, the Court dismisses this case without prejudice and need not reach the merits of the underlying claims.

## II.     Legal Standard

Even if a given forum may exercise personal jurisdiction over a defendant, Rule 12(b)(3) permits a defendant to assert "improper venue" as a defense to a plaintiff's claim for relief. FED. R. CIV. P. 12(b)(3). The general venue statute, 28 U.S.C. § 1391, controls a plaintiff's choice of venue. Under that section, a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391 (b)(1)–(3).

"Once a defendant challenges venue, the plaintiff has the burden of demonstrating that the chosen venue is proper." *Graham v. Dyncorp Int'l, Inc.*, 973 F. Supp. 2d 698, 700 (S.D. Tex. 2013) (citing *Am. Gen. Life Ins. Co. v. Rasche*, 273 F.R.D. 391, 396 (S.D. Tex. 2011)). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). If venue is lacking, district courts are instructed to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406. "The

decision to dismiss or transfer lies within the court's discretion." *Graham*, 973 F. Supp. 2d at 701 (citing *AllChem Performance Prods., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012)).

### III.     Analysis

Each of the pending Motions to Dismiss request this Court to dismiss this lawsuit for improper venue because the Defendants are not residents of this State and a substantial part of the events or omissions giving rise to the claim did not occur in Texas. While the Plaintiffs did not directly respond to the improper venue argument, (Doc. Nos. 47, 50), the Court nevertheless will engage in a venue analysis. Venue is only proper in one of the following three scenarios: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b)(1)–(3). The Court finds that this District is the improper venue for this litigation and dismisses the case without prejudice.

First, venue may be proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). In other words, this District would only be a proper venue under this subsection if all of the Defendants were residents of Texas and at least one Defendant resided in the Southern District of Texas. In this case, the vast majority of the Defendants are residents of California—not Texas. *See* (Doc. No. 3) (listing addresses for the Defendants). According to the addresses provided by the Plaintiffs to issue summons, only one Defendant (JAMS, Inc.) even does business in Texas. (*Id.*).

4

Notably, however, according to public filings, JAMS, Inc. was incorporated in Delaware and lists its principal place of business in California. Even assuming that the Plaintiffs sufficiently alleged that JAMS, Inc. is a "resident" of Texas for the purposes of the 28 U.S.C. § 1391, the Plaintiffs have certainly not alleged that the remaining Defendants reside in this State. *Id.* at § 1391(c)(2) ("[A]n entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."). Seeing as though the Defendants are not all residents of Texas, the Court finds that venue is improper in this Court under 28 U.S.C. § 1391(b)(1).

Second, venue may be proper in this District if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in the Southern District of Texas. 28 U.S.C. § 1391(b)(2). The face of the First Amended Complaint (Doc. No. 38), which is nearly 400 pages long, does not indicate that any event (let alone a *substantial* part) occurred in the Southern District of Texas. The Plaintiffs' claims only appear to exclusively arise from events in California. Any and all claims arising from the medical treatment of Mrs. Lynn occurred in a hospital in California. Any and all claims arising from the arbitration occurred in arbitration proceedings held in California. The Plaintiffs do plead that JAMS, Inc. does business in Texas and has an office in Texas, but even assuming that to be accurate (which this Court does), there are no factual allegations that connect the actual claims to this District. While "the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff," *Braspetro*, 240 F. App'x at 615, "the plaintiff has the burden of demonstrating that the chosen venue is proper" once the venue is challenged. *Graham*, 973 F. Supp. 2d at 700. Neither the First Amended Complaint (or any prior version of the Complaint, for

5

that matter) nor any other of the Plaintiffs' filings offer any support, whatsoever, that a substantial part of the events giving rise to these claims occurred in the Southern District of Texas. Therefore, the Court finds that venue is improper under 28 U.S.C. § 1391(b)(2).

Lastly, "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(3). Such is clearly not the case here. The face of the Complaint clearly establishes that a substantial part of the events giving rise to the underlying claims occurred in California, and the Plaintiffs have had every opportunity to file these claims there. Even assuming, *arguendo*, that 28 U.S.C. § 1391(b)(3) may apply to this case, the Plaintiffs have not presented any argument or evidence to demonstrate that this Court has personal jurisdiction over the California Defendants (many of whom are individuals) in this case. Therefore, the Court finds that venue in this District is also improper under 28 U.S.C. § 1391(b)(3).

Finding that this District is an improper venue for this case under 28 U.S.C. § 1391, the Court must next determine whether transfer or dismissal is most appropriate. 28 U.S.C. § 1406. Given that the Plaintiffs have not presented any cognizable responses related to the proper venue for this litigation, this Court cannot determine which federal district court would be most appropriate for transfer. Furthermore, as this is now the second time that this District has dismissed these claims for improper venue, the Court finds that any potential considerations in "the interest of justice" to transfer this case are limited. As Magistrate Judge Bryan noted in the previous litigation, "[s]everal claims asserted in the Complaint appear subject to dismissal pursuant to Federal Rule 12(b)(1) and/or 12(b)(6)" and the factual allegations raise "the possibility that they are time-barred." *See Lynn v. Kaiser Foundation Health Plan, Inc.*, No. 4:24-CV-0935, 2024 WL 2852536, at *2 (S.D. Tex. Apr. 25, 2024), *report and recommendation adopted*, 2024 WL 2855465

(S.D. Tex. Jun. 5, 2024). The Plaintiffs have not meaningfully altered their Complaint and do not appear to have attempted to address those deficiencies, and the same concerns that Judge Bryan noted still pervade this case.[1] Setting aside the relative merits of any federal question claim, this Court is also not sure (since there is no diversity between the Plaintiffs and Defendants) whether a putative transferee court would have subject-matter jurisdiction over this case. Therefore, the Court finds that the interests of justice do not weigh in favor of transfer.

### IV.     Conclusion

For the foregoing reasons, the Court finds that the Southern District of Texas is an improper venue for this lawsuit, and this case is therefore **DISMISSED** without prejudice. The Court will enter an order compliant with Federal Rule of Civil Procedure 58.

It is so ordered.

Signed on this the 25 day of February 2026.

Andrew S. Hanen
United States District Judge

---

[1] The Court also notes that some of the Defendants raised different theories of immunity. *See* (Doc. No. 39) (raising the doctrine of attorney immunity) (Doc. No. 44) (raising the doctrine of arbitral immunity). The Kaiser Defendants also raised the issue that the claims may be barred by the statute of limitations. (Doc. No. 45). While the Court need not reach the merits of these arguments, the Court cautions the Plaintiffs to consider whether these arguments may preclude recovery in any future suit.